UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



JOSE PINEDA REYES,

        Petitioner,

    v.

JAMES BAUSCH, *in his official
capacity as Acting Deputy Field Office
Director, Buffalo Field Office, U.S.
Immigration & Customs Enforcement*;
TODD LYONS, *in his official capacity
as Acting Director, U.S. Immigration
and Customs Enforcement*; TODD
BLANCHE, *in his official capacity as
U.S. Attorney General*; PHILIP
RHONEY, *in his official capacity as
Acting Field Office Director, Buffalo
Field Office, U.S. Immigration &
Customs Enforcement*; MARKWAYNE
MULLIN, *in his official capacity as
Secretary of Homeland Security*,

        Respondents.

26-CV-947 (JLS)

## SUMMARY ORDER

This Court has examined the Second Circuit's recent decision in *da Cunha v. Freden*, --- F. 4th ---, 2026 WL 1146044 (2d Cir. Apr. 28, 2026). To the extent that decision conflicts with this Court's decisions in *Rivera Castillo v. Rhoney*, No. 25-CV-1065 (JLS), 2026 WL 775995 (W.D.N.Y. Mar. 19, 2026), and *Ferreira Candido v. Bondi*, No. 25-CV-867 (JLS), 2025 WL 3123696 (W.D.N.Y. Nov. 7, 2025), this Court is bound to follow the Second Circuit's dictates.

As relevant here, in *da Cunha*, the Second Circuit ruled that:

1. "A noncitizen like [da Cunha] is unlawfully present, and thus an 'applicant for admission,' but indisputably never sought or applied for lawful entry after inspection and authorization, and is not doing so now.  To the contrary, he evaded immigration inspectors, snuck into the country, and today applies only for non-admission forms of relief, including asylum and cancellation of removal." *da Cunha*, 2026 WL 1146044, at *7.

2. "Here, although [da Cunha] is an applicant for admission under the statutory definition because he is present in the country and has never been admitted, it simply cannot be said that he is 'seeking admission,' as he is not requesting lawful entry into the United States.  By total contrast, [da Cunha] entered the interior unlawfully twenty years ago and is now seeking only relief from removal.  Therefore, because Section 1225(b)(2)(A) applies only to a noncitizen who is both an 'applicant for admission' and 'seeking admission,' it does not apply to [da Cunha]." *Id.* at *6.

3. "Section 1225(b)(2)(A) does not apply to such noncitizens, who are present in the United States after entering the country without inspection and admission, and who were not apprehended while entering the country or shortly thereafter." *Id.* at *2.

4. "Together, Section 1225(b)(2) therefore applies only to (1) noncitizens who are present and have not been admitted, and (2) are requesting (3) lawful entry into the United States after inspection and authorization." *Id.* at *6.

5. "Instead, Section 1225(b)(2)(A) applies to those noncitizens who present themselves at a port of entry for admission, or who cross the physical border

2

into the United States but are apprehended at the 'threshold of initial entry.'" *Id.* (quoting *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107 (2020) (holding that a noncitizen "apprehended just 25 yards from the border" had not effected an "entry"), and citing *Leng May Ma v. Barber*, 357 U.S. 185, 189 (1958) (treating noncitizens paroled into the country "as [if] stopped at the boundary line")).

In *da Cunha*, the Second Circuit drew a distinction between aliens who "snuck into" the country and "evaded" detection for years (ruling that a bond hearing is required) and aliens who were encountered at or near the border (where no bond hearing is required).

Here, Petitioner is in the former category. *See* Dkt. 1, at 3.[1] As such, *da Cunha* requires a bond hearing. Respondents concede that *da Cunha* requires a bond hearing in this case. *See* Dkt. 4. As dictated by the Second Circuit, therefore, the petition is granted, to the extent that Respondents are ordered to provide Petitioner with a bond hearing promptly—and, in any case, no later than **May 28, 2026**.

Because Petitioner's detention began in April 2026, it has not become "prolonged" under *Velasco Lopez v. Decker*, 978 F.3d 842 (2d Cir. 2020); as such, *Velasco Lopez* does not require burden-shifting at the bond hearing here.[2]

---

[1] Page references are to the numbering automatically generated by CM-ECF, which appears in the header of each page.

[2] "This case does not require us to establish a bright-line rule for when due process entitles an individual detained under [Section] 1226(a) to a new bond hearing with a shifted burden. On any calculus, Velasco Lopez's fifteen-month incarceration without a determination that his continued incarceration was justified violated due process. The Supreme Court has held that noncitizens who have been ordered removed for having committed serious criminal offenses or having a long criminal history cannot

3

## CONCLUSION

For the reasons stated above, the petition (Dkt. 1) is granted. Per *da Cunha*, Petitioner is detained under 8 U.S.C. § 1226(a) and, therefore, is entitled to a bond hearing under the relevant regulations. Respondents are ordered to provide Petitioner with a bond hearing promptly and, in any case, no later than **May 28, 2026**.

SO ORDERED.

Dated:      May 14, 2026
Buffalo, New York

JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE

---

be detained indefinitely, and a presumptively constitutional period of detention does not exceed six months." *Velasco Lopez*, 978 F.3d at 855 n.13 (citing *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001)). *See also Black v. Almodovar*, 156 F.4th 171, 196 (2d Cir. 2025) (discussing *Velasco Lopez*, noting that, after fifteen months of detention without a bond hearing, "the district court [in that case] properly ordered a new hearing at which the government bore the burden to show dangerousness and flight risk by clear and convincing evidence," but that the ruling in that case "did not take issue with the burden allocation at the *initial*, statutorily required [Section] 1226(a) bond hearings—where noncitizens bear the burden of proof—but explained that 'as the period of confinement grows,' so do the required procedural protections no matter what level of due process may have been sufficient at the moment of initial detention") (citation modified).